IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JESUS CASAREZ, Individually and on Behalf of All Others Similarly Situated | )<br>)<br>) No. 2:17-cv-1086 |
| PLAINTIFF | )<br>) |
| vs. | )<br>) |
| PRODUCERS SERVICE CORPORATION, | )<br>)<br>) |
| DEFENDANT | )<br>) |

## ORIGINAL COMPLAINT— COLLECTIVE AND CLASS ACTION

COMES NOW Plaintiff Jesus Casarez, individually and on behalf of all others similarly situated, by and through his attorney Robert E. DeRose of Barkan Meizlish, LLP, and for his Original Complaint—Collective Action against Defendant Producers Service Corporation ("Defendant"), and in support thereof he does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiff, both individually and on behalf of all others similarly situated, against Defendant pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA"), and as a class action brought pursuant to Ohio's Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. §§ 4111.01, 4111.03 and 4111.10, the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the OMFWSA and the OPPA will be referred to collectively as the "Ohio Acts"); and Federal Rule of Civil Procedure 23.

2. The proposed Section 216 collective and Ohio Rule 23 class (the "Ohio Acts Class") (collectively referred to as "Classes") are composed entirely of employees

who are or were non-management oilfield operations employees for Defendant, who, during the applicable time period, work/worked for Defendant and are/were denied their rights under applicable federal wage and hour laws.

3.     The proposed Classes will seek recovery of monetary damages for all overtime worked by Plaintiff and the putative class members.

4.     Defendant does not pay its non-management oilfield operations employees overtime wages as required by the FLSA, 29 U.S.C. § 201 et seq. and the Ohio Acts. This collective and class action seeks the unpaid wages and other damages owed to these workers.

5.     Plaintiff, both individually and on behalf of all others similarly situated, brings this action under the FLSA and the Ohio Acts, for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees as a result of Defendant's commonly applied policy and practice of failing to pay Plaintiff and all others similarly situated overtime compensation for all the hours in excess of forty hours in a single week that they were/are made to work.

6.     Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the Ohio Acts as described, infra.

## II.     THE PARTIES

7.     Plaintiff Jesus Cesarez worked for Defendant as a non-management oilfield operations employee, specifically as an equipment operator, from approximately July of 2016 through November of 2016.  His signed consent to join this action is

attached as Exhibit A.

8.     Plaintiff is a citizen and resident of Collin County.

9.     Defendant Producers Service Corporation is a domestic, for-profit limited liability company, created and existing under and by virtue of the laws of Ohio, registered to do business in the State of Ohio, providing products and services in the oil and gas industry, throughout the United States in those areas in which fracking is a viable business.

10.     Defendant has annual gross revenues exceeding $500,000.00.

11.     Defendant's principal address is 109 Graham Street, Zanesville, Ohio 43701 (Guernsey County).

12.     Defendant was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

13.     Defendant can be served within the State of Ohio through its registered agent: Daniel Pottmeyer, 5115 Heritage Drive, Zanesville, Ohio 43701.

### III.     JURISDICTION AND VENUE

14.     The United States District Court for the Southern District of Ohio has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

15.     This Court has supplemental jurisdiction over the Ohio Acts claims pursuant to 28 U.S.C. § 1367.

16.     The acts complained of herein were committed and had their principal effect against the named Plaintiff herein within the Eastern Division of the Southern District of Ohio; therefore, venue is proper within this District pursuant to 28 U.S.C.

§1391.

### IV.      REPRESENTATIVE ACTION ALLEGATIONS

17.     Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) and as a class action pursuant to Rule 23, on behalf of all persons similarly situated as non-management oilfield operations employees who were or are employed by Defendant and were improperly misclassified as exempt from payment of the overtime premium at any time within the applicable statute of limitations period, who are entitled to payment for overtime wages which Defendant failed to pay due to the intentional misclassification of Plaintiffs and of those similarly situated.

18.     Plaintiff asserts violations of the FLSA and the Ohio Acts on behalf of all persons who were employed by Defendant as non-management oilfield operations employees from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

19.     Plaintiff is unable to state the exact number of class members but believes that the class membership exceeds 50 persons but is less than 250 persons. Defendant can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

20.     The proposed FLSA class members are similarly situated in that they are and have been subject to uniform practices by Defendant which violated the FLSA, including:

A.      Defendant's uniform misclassification of them as exempt employees under the FLSA; and

B. Defendant's failure to pay members of the class overtime compensation in violation of the FLSA, 29 U.S.C. § 201 et seq.

21. Defendant has been an employer within the meaning of the FLSA and the Ohio Acts.

22. Plaintiff and the Class members have been employees within the meaning of the FLSA and the Ohio Acts.

23. Plaintiff and the Class members have not been exempt from the protections of the FLSA or the Ohio Acts.

24. Defendant is not exempt from the requirements of paying overtime benefits under the FLSA and the Ohio Acts.

## V.      FACTUAL ALLEGATIONS

25. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

26. Plaintiff held a job title of equipment operator, a non-management oilfield operations employee, for Defendant within the three years preceding the filing of the Original Complaint.

27. Plaintiff's duties as a non-management oilfield operations employee included assisting those working at oil well sites to assist in pumping and fracking oil wells.

28. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the four calendar years preceding the filing of the Original Complaint.

29.     To perform their job duties, at least two employees of Defendant routinely used hard hats, drilling equipment, pump equipment, lubricators, blow-out preventers, and various hand-tools, at least some of which had been moved in or produced for interstate commerce.

30.     Throughout the time relevant to this complaint, Defendant has been an enterprise engaged in interstate commerce as defined by the FLSA.

31.     Defendant paid Plaintiff, and all other non-management oilfield operations employees during Plaintiff's tenure, an hourly wage with overtime premiums for some of the hours they worked in excess of forty (40) per week.

32.     It was Defendant's universally applied policy and practice to only pay its non-management oilfield operations employees overtime once they worked in excess of sixty (60) hours per week.

33.     Thus, Plaintiff and all others similarly situated did not receive overtime wages for the hours they worked in excess of forty (40) hours, but less than sixty (60) hours.

34.     Plaintiff regularly worked more than 40 hours per week as a non-management oilfield operations employee.

35.     Non-management oilfield operations employees other than Plaintiff also regularly worked more than 40 hours per week.

36.     The policy has been in place for more than three years.

37.     Plaintiff's experiences described herein are substantially shared across similarly situated employees and putative Class members.

38.     Upon information and belief, Defendant knew, or showed reckless

disregard for whether, its pay practices toward Plaintiff and other non-management oilfield operations employees violated the FLSA and the Ohio Acts.

39.     Because other non-management oilfield operations employees are similarly situated to Plaintiff, and they are owed overtime for the same reasons, at least one proper definition of the FLSA collective is as follows:

> **Each individual employed as a non-management oilfield operations employee for Defendant at any time during the three years preceding the filing of this complaint ("216 Collective").**

40.     Because other non-management oilfield operations employees are similarly situated to Plaintiff in Ohio, and they are owed overtime for the same reasons, at least one proper definition of the Ohio class is as follows:

> **Each individual employed as a non-management oilfield operations employee for Defendant at any time during the three years preceding the filing of this complaint ("Ohio Class").**

## VI.
## FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of FLSA)

41.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

42.     Section 207 of the FLSA requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week. 29 U.S.C.S. § 207 (LEXIS 2013).

43.     Defendant deprived Plaintiff of proper overtime compensation for all of the hours over forty (40) per week in violation of the FLSA.

44.     Defendant's conduct and practice, as described above, is and has been at

all times relevant hereto, willful, intentional, unreasonable, arbitrary and in bad faith.

45.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

46.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

**VII.**
**SECOND CLAIM FOR RELIEF**
**(Collective Action Claim for Violation of FLSA against Plaintiff**
**and All Those Similarly Situated Class Members)**

47.     Plaintiff repeats and re-alleges all the preceding paragraphs of the Original Complaint above, as if fully set forth herein.

48.     Defendant required Plaintiff and similarly situated members of the class to work in excess of forty (40) hours each week but failed to pay Plaintiff and the class members overtime compensation for all of the hours in excess of forty (40) in each workweek.

49.     Defendant deprived Plaintiff and the class members overtime compensation for all of the hours over forty (40) per week, in violation of the FLSA.

50.     Defendant's conduct and practice, as described above, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

51.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and similarly situated members of the class for monetary damages, liquidated

damages and costs, including reasonable attorney's fees provided by the FLSA.

52.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and similarly situated members of the class as provided by the FLSA, Plaintiff and similarly situated members of the class are entitled to an award of prejudgment interest at the applicable legal rate.

**VIII.**
**THIRD CLAIM FOR RELIEF**
**(Individual Action Alleging Violations of the Ohio Acts)**

53.     Plaintiff repeats and re-alleges all the preceding paragraphs of the Original Complaint above, as if fully set forth herein.

54.     The OMFWSA requires that employees, including Plaintiff receive "time and one-half" overtime premium compensation for hours worked over 40 per week.

55.     The OPPA requires that the Defendant pay Plaintiff all wages, including unpaid overtime, on or before the first day of each month, for wages earned by him during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by him during the last half of the preceding calendar month.

56.     Plaintiff was or has been employed by Defendant from three years preceding this complaint through the final disposition of this matter, and has been a covered employee entitled to the protections of the Ohio Acts.

57.     Defendant is and has been an employer covered by the requirements set forth in the Ohio Acts.

58.     Plaintiff has not been exempt from receiving overtime benefits under the Ohio Acts.

59.   Plaintiff worked more than 40 hours in workweeks during times relevant to this case, however, Defendant violated the Ohio Acts by failing to pay Plaintiff overtime compensation for hours worked over 40 per week.

60.   Plaintiff was not paid all wages, including overtime wages at one and one-half times his regular rates within thirty (30) days of performing the work.

61.   The wages of Plaintiff remain unpaid for more than thirty (30) days beyond his regularly scheduled payday.

62.   Plaintiff has suffered damages and continues to suffer damages as a result of Defendant's acts or omissions as described herein; though Defendant is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

63.   In violating the Ohio Acts, Defendant acted willfully, without a good faith basis and with reckless disregard of applicable Ohio law.

**IX.**
**FOURTH CLAIM FOR RELIEF**
**(Class Action Alleging Violations of the Ohio Acts)**

64.   Plaintiff repeats and re-alleges all the preceding paragraphs of the Original Complaint above, as if fully set forth herein.

65.   The OMFWSA requires that employees, including Plaintiff and the Ohio Acts Class members receive "time and one-half" overtime premium compensation for hours worked over 40 per week.

66.   The OPPA requires that the Defendant pay Plaintiff and the Ohio Acts Class members all wages, including unpaid overtime, on or before the first day of each month, for wages earned by her during the first half of the preceding month ending with

the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by her during the last half of the preceding calendar month.

67.    Plaintiff and the Ohio Acts Class members were or have been employed by Defendant from three years preceding this complaint through the final disposition of this matter, and have been covered employees entitled to the protections of the Ohio Acts.

68.    Defendant is and has been an employer covered by the requirements set forth in the Ohio Acts.

69.    Plaintiff and other Ohio Acts Class members have not been exempt from receiving overtime benefits under the Ohio Acts.

70.    Plaintiff and the Ohio Acts Class members worked more than 40 hours in workweeks during times relevant to this case, however, Defendant violated the Ohio Acts by failing to pay Plaintiff and other Ohio Acts Class members overtime compensation for hours worked over 40 per week.

71.    Plaintiff and the Ohio Acts Class members were not paid all wages, including overtime wages at one and one-half times their regular rates within thirty (30) days of performing the work.

72.    The wages of Plaintiff and the Ohio Acts Class members remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

73.    Plaintiff and the Ohio Acts Class members have suffered damages and continue to suffer damages as a result of Defendant's acts or omissions as described herein; though Defendant is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

74. In violating the Ohio Acts, Defendant acted willfully, without a good faith basis and with reckless disregard of applicable Ohio law.

75. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant.

76. Class action treatment of Plaintiff's Ohio Acts claim is appropriate because, as alleged herein, all of Rule 23's class action requisites are satisfied.

77. The number of Ohio Acts members is, on information and belief, so numerous that joinder of all class members is impracticable.

78. Plaintiff is a member of the Ohio Acts Class and his claims are typical of the claims of other Ohio Acts Class members.

79. Plaintiff has no interests that are antagonistic to or in conflict with the interests of other class members.

80. Plaintiff and his counsel will fairly and adequately represent the Ohio Acts Class members and their interests.

81. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. For example, Plaintiff was not paid overtime for all hours worked in excess of 40 in a workweek just as those of the Ohio Acts Class members. The failure to pay overtime was the result of the company-wide conduct of Defendant.

82. Accordingly, the Ohio Acts Class should be certified as defined in

Paragraph 40, above.

## VI. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jesus Casarez, individually and on behalf of all others similarly situated, respectfully prays for declaratory relief and damages as follows:

(a)     That Defendant be summoned to appear and answer herein;

(b)     That Defendant be required to account to Plaintiff, the 216 Collective and Ohio Acts Class members, and the Court for all of the hours worked by Plaintiff and the Class members and all monies paid to them;

(c)     A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, attendant regulations at 29 C.F.R. § 516 *et seq.*, and the Ohio Acts

(d)     Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former members of the Class;

(e)     Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, attendant regulations at 29 C.F.R. § 516 *et seq.* and the Ohio Acts

(e)     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, attendant regulations at 29 C.F.R. § 516 *et seq.*, and the Ohio Acts in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the Class during the applicable statutory period;

(f)     An order directing Defendant to pay Plaintiff and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(g)     Such other and further relief as this Court may deem necessary, just and proper.

Date: December 14, 2017                    Respectfully submitted,

By:     **BARKAN MEIZLISH HANDELMAN GOODIN DEROSE WENTZ, LLP**

*/s/Robert E. DeRose*
Robert E. DeRose  OH Bar No. 0055214)
Robi J. Baishnab     (OH Bar No. 0086195)
250 East Broad Street, 10th Floor
Columbus, OH 43215
Telephone: (614) 221-4221
Fax:        (614) 744-2300
Email: bderose@barkanmeizlish.com
        rbaishnab@barkanmeizlish.com

*Local Counsel*

Chris Burks (*pro hac vice anticipated*)
Sean Short (*pro hac vice anticipated*)
**SANFORD LAW FIRM, PLLC**
One Financial Center
650 S. Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040
josh@sanfordlawfirm.com
sean@sanfordlawfirm.com

***Attorneys in Charge for Plaintiffs***