# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO,
# EASTERN DIVISION

| | |
|---|---|
| **JESUS CASAREZ,** | **CASE NO.: 2:17-CV-1086** |
| **PLAINTIFF,** | |
| V. | **CHIEF JUDGE EDMUND A. SARGUS, JR.** |
| **PRODUCERS SERVICE CORP.,** | **MAGISTRATE JUDGE KIMBERLY A. JOLSON** |
| **DEFENDANT.** | |

## STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

WHEREAS, certain documents, materials, discovery responses, testimony, admissions, data, and other materials and their contents, which may be requested through the above-captioned case (hereafter "the Lawsuit") may contain confidential and proprietary information, including without limitation client or customer lists and information, confidential compensation information, confidential financial and business information, as well as other confidential information.

It is hereby ORDERED that the following terms and conditions shall govern the disclosure and use of confidential information in this Lawsuit.

1. To preserve the legitimate proprietary and privacy interests of sources of information, this Order establishes a procedure for disclosing Confidential Information (defined in Paragraph 2 below) to the parties in this Lawsuit, imposes obligations on persons receiving Confidential Information to protect it from unauthorized use or disclosure, and establishes a procedure for challenging confidentiality designations. This Order applies only to information furnished by parties and non-parties that is not otherwise publicly available and properly designated under this Order.

2. This Order covers information that the producing or disclosing party or nonparty (hereinafter "source") designates in good faith as "Confidential" or "Attorney's Eyes Only" (collectively, referred to as "Confidential Information"). The parties to this Agreement further agree that they will use "Confidential Information" material or information solely for the purposes of facilitating the prosecution or defense of this Lawsuit and not for any business or other purpose.

3. The designation "Confidential" shall be limited to information that the source reasonably and in good faith believes is of a proprietary or commercially sensitive nature, or should otherwise be subject to confidential treatment. The designation "Confidential" shall also include information the source reasonably and in good faith believes is subject to protection under the confidentiality provisions of any state or federal act, law, or statute. All materials produced in this Lawsuit containing the designation "Confidential" shall be used solely for the purposes of this Lawsuit and shall be returned to the source or destroyed at the end of this Lawsuit.

4. The designation "Attorney's Eyes Only" shall be limited to information that the source reasonably and in good faith believes (a) to contain highly sensitive trade secrets and proprietary information of the highest level of sensitivity, and (b) to carry a substantial likelihood of competitive damage if it were disclosed to any other person or entity.

5. To designate information as "Confidential" or "Attorney's Eyes Only," a source must so mark it or, in the case of a deposition or hearing transcript, designate it as provided in paragraphs 11 and 12 herein, respectively. Either designation may be withdrawn by the source. The source must mark each page of each document and/or each significant component of any other object containing Confidential Information with the appropriate designation as required. A

cover letter can be used, if appropriate, to designate material provided in a computerized format as "Confidential Information."

6. Accidental disclosure of Confidential Information without a designation does not alone waive the confidence and protections provided under this Order. Upon a source's discovery that information was not correctly designated, the source shall provide notice to the parties or other party that the information was inappropriately designated or inadvertently not designated. The party to whom the inadvertent disclosure was made shall then immediately return such material and all copies the party made thereof. Also, in the event any party hereto receives any document from another party or third-party that upon its face is subject to the attorney-client privilege, attorney work product doctrine, or any other privilege, that party shall immediately notify the producing party or third-party and return such document and all copies the party made thereof if so requested by the party or third-party who produced the document. The source shall then have seven business days in which to redesignate the information after which the terms of this Order shall apply. In the interim, the information may not be used in a manner inconsistent with the notice.

7. Subject to the provisions of Paragraph 9, information designated as "Confidential" may be disclosed to and used only by:

    a. Counsel of record for the parties and such counsel's support staff involved in this Lawsuit;

    b. In-house counsel and support staff to the parties involved in this Lawsuit;

    c. Any party to this Lawsuit, or present or former employee of such party to whom it is necessary to show the information to for purposes of this Lawsuit;

  d. An outside consultant or expert who is being consulted or retained by counsel in this Lawsuit, including such consultant's or expert's support staff;

  e. The author of the information and anyone shown by the information to have previously received it in the ordinary course of business;

  f. Any person whose name is contained in the information and to whom it is necessary to show the information to for purposes of this Lawsuit;

  g. Clerical or ministerial service providers, including outside copying services and court reporters, retained by a party's counsel to assist such counsel in connection with this Lawsuit;

  h. The Court and its support staff; and

  i. Others specifically identified and authorized in writing by the disclosing party, or as ordered by the court.

  8. Subject to the provisions of Paragraph 9, information designated as "Attorney's Eyes Only" may only be disclosed to and used by the persons identified in Paragraph 7 (a), (b), (d), (e), (g), (h) and (i) above.

  9. Counsel for the respective parties shall be responsible for obtaining, prior to disclosure and as a condition thereof, the written agreement of any person to whom any Confidential Information is disclosed (other than the Court, outside counsel for a party, and their respective staff) to be bound by the terms of this Order. Such written agreement shall be in the form annexed hereto as Attachment A.

  10. Subject to the terms of this Order, and the Federal Rules of Civil Procedure, any party may use Confidential Information in the course of a deposition or hearing as may be

allowed, provided that prior to his or her examination, the witness is furnished with a copy of this Order and has executed Attachment A to this Order.

11. Deposition transcripts shall presumptively be considered to have been designated "Confidential" for a period of fourteen (14) days following receipt of the transcript by the parties. During that time period, upon further review of the transcript, the deponent, his counsel, or any party may designate all or portions of the transcript as "Confidential" or "Attorney's Eyes Only," which designation shall remain in effect for the duration of this Order. If there is no designation within the fourteen (14) day period, then the deposition transcript shall no longer be considered as containing Confidential Information. The deponent, his counsel, or any party making such a designation must advise counsel of record and the court reporter of the designation. The court reporter shall mark the face of the transcript appropriately. If any portion of a videotaped deposition is designated pursuant to this Paragraph, the videocassette or other videotape or CD-ROM container shall be labeled with the appropriate legend. Nothing in this paragraph shall prevent a party from making specific designations on the record during the deposition, and the court reporter shall mark the face of the transcript appropriately in that event. Counsel retaining court reporters shall have the responsibility of informing them of these requirements.

12. To the extent that any pleadings or documents to be filed with the Court contain or reference Confidential Information, the party filing said pleadings or documents shall file a Motion with the court pursuant to Local Rule 5.2.1, requesting authority to file the pleadings or documents under seal, and requesting that the Clerk of the Court receive and maintain said pleadings or documents under seal. Leave to file pleadings or documents under seal will be granted only upon a showing of good cause, and only to the extent reasonably necessary to

protect privacy interests. When leave is granted to file pleadings or documents under seal, a redacted version of the document will be filed on the public record, when practicable. The use of Confidential Information in hearings or at trial shall be subject to the following:

    a. The party may refer to Confidential Information in preliminary hearings and conferences before the Court. The source must designate the transcripts of such proceedings as "Confidential" or "Attorney's Eyes Only" within seven (7) days of receipt.

    b. The use of Confidential Information at trial and in post-trial proceedings, motions, and appeals may be addressed in a final pretrial order, except that the words "Confidential" or "Attorney's Eyes Only" shall be removed by the offering party from documents before such documents are used at trial. The removal of those words shall not affect the protections afforded to the Confidential Information itself.

13. This Order may be applied equally to information obtained by or produced in response to any subpoena, including, in particular, information produced by non-parties. Any non-party that designates any information as "Confidential" or "Attorney's Eyes Only" pursuant to this Order may agree to submit to the Court's jurisdiction with regards to the determination of any disputes involving such designation.

14. All material produced or furnished in this Lawsuit (including but not limited to material not marked Confidential or Attorney's Eyes Only) including documents, deposition transcripts, and deposition videos shall be used only in connection with this Lawsuit and shall not be otherwise disclosed except as agreed to by the parties, as required by any court, judicial tribunal, administrative agency, taxing body or other governmental unit or entity, or as otherwise

required by law. All material, including deposition transcripts or videos, produced or furnished in this Lawsuit shall not be used or disclosed for any business, commercial or competitive purpose and, furthermore, shall not be used in connection with the media or in connection with materials for public dissemination of any kind or type, including but not limited to dissemination of such material to the public via the internet, social media or any other means now or hereafter known.

15. The following procedures shall govern any challenges to confidentiality designations:

    a. If a party reasonably believes that information should not be designated as "Confidential" or "Attorney's Eyes Only," it must specify to the source in writing (a) the information in issue, and (b) its grounds for questioning the confidentiality designation. The parties agree that prior to any challenge they will telephonically confer or meet in person in good faith. The source must respond in writing within ten (10) business days of the date of written notice, or within such additional time as is reasonable (taking into account the number of documents or other information in issue) and as is agreed to by counsel or ordered by the Court; and

    b. If the party challenging the confidentiality designation is still not satisfied, it may move the Court to change the confidentiality designation. Until the Court rules on a motion challenging a confidentiality designation, the challenged confidentiality designation shall remain in effect.

    c. The party claiming confidentiality will have the burden of proving that the challenged confidentiality designation is appropriate in the circumstances.

16. Nothing in this Order shall prevent a party from using or disclosing its own Confidential Information as it deems appropriate.

17. This Order shall survive the termination of this proceeding. Within sixty (60) days after the final resolution of this proceeding, parties in possession of "Confidential" or "Attorney's Eyes Only" information produced by other sources shall either destroy or return to counsel for the source that produced it, at their request and expense, all such information. As for those materials that contain or reflect "Confidential" or "Attorney's Eyes Only" information, but also constitute or reflect counsel's work product, counsel of record for the parties shall be entitled to retain such work product in their files in accordance with the provisions of this Order, so long as it is clearly marked to reflect that it contains information subject to this Order, and so long as counsel shall take all other reasonable steps to ensure that such documents are securely maintained. Counsel shall be entitled to retain pleadings, deposition transcripts, and the hearing record (including exhibits) even if materials contain "Confidential" or "Attorney's Eyes Only" materials so long as such information is marked to reflect that it contains information subject to this Order, and so long as counsel shall take all other reasonable steps to ensure that such documents are securely maintained.

18. Any non-party that receives a subpoena for production or disclosure of information that they believe in good faith may be designated "Confidential" or "Attorney's Eyes Only" shall assert objections as provided by the Federal Rules of Civil Procedure.

19. The parties agree that if they receive a subpoena or other request for the production of documents from a non-party that may require the production of documents designated as "Confidential" or "Attorney's Eyes Only," the party receiving the subpoena or request shall promptly give written notice to the source and to the parties identifying the

information sought and enclosing a copy of the subpoena. The person or party subject to the subpoena shall not produce or disclose the requested information without consent of the source or until ordered to do so by a court of competent jurisdiction.

20. Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this proceeding and, in the course of rendering advice, referring to or relying generally on the examination of material designated "Confidential" or "Attorney's Eyes Only."

21. The parties recognize that during the course of discovery, certain discovery requests may require the production of or "Attorney's Eyes Only" information (including, but not limited to, business strategies) which either party may, in good faith, believe requires protections in addition to those provided for documents designated as "Attorney's Eyes Only." As a result, the parties reserve the right to seek modification of this Order to address any such potential issues. To the extent such a modification of this Stipulation and Protective Order is requested, the moving party will have the burden of demonstrating "good cause" for any such protections.

22. If "Confidential" or "Attorney's Eyes Only" materials are inadvertently disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the producing party and, without prejudice to any other rights and remedies of the parties, make every effort to prevent further disclosure by it or by the person who was the

recipient of such information.

       IT IS SO ORDERED.

Date: March 28, 2018                      /s/ Kimberly A. Jolson
                                            KIMBERLY A. JOLSON
                                            UNITED STATES MAGISTRATE JUDGE

**STIPULATED AND APPROVED:**


*/s/ Jason H. Beehler*
Brendan P. Feheley (0079107)
Jason H. Beehler (0085337)
Kegler Brown Hill + Ritter Co., LPA
65 East State Street, Suite 1800
Columbus, Ohio 43215
Phone: (614) 462-5400
Fax: (614) 464-2634
bfeheley@keglerbrown.com
jbeehler@keglerbrown.com
*Attorneys for Defendant*

*/s/ Robi J. Baishnab, per authorization JHB*
Robert E. DeRose (0055214)
Robi J. Baishnab (0086195)
250 E. Broad St., 10th Floor
Columbus, OH 43215
T: (614) 221-4221
F: (614) 744-2300
bderose@barkanmeizlish.com
rbaishnab@barkanmeizlish.com
*Local Counsel for Plaintiff*

Chris Burks (pro hac vice pending)
Sean Short (pro hac vice pending)
Sanford Law Firm, PLLC
One Financial Center
650 S. Shackleford Road, Suite 411
Little Rock, AR 72211
T: (501) 221-0088
F: (888) 787-2040
josh@sandfordlawfirm.com
sean@sandfordlawfirm.com
*Attorneys in Charge for Plaintiffs*

# EXHIBIT A

# CERTIFICATE

I hereby certify that I have read and understand the foregoing Stipulated Confidentiality and Protective Order regarding certain documents and information produced in discovery in Case No. 2:17-cv-1086, Casarez v. Producers Service Corp. I agree to abide by the terms and conditions of that Protective Order. I also understand that any violation of said Protective Order by me or anyone acting under my direction may subject me to penalties for contempt of court.

Dated: _____  _____
Signature

_____
Address

_____