UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JESUS CASAREZ,
Individually and on Behalf of All
Others Similarly Situated,

    Plaintiffs,

v.

PRODUCERS SERVICE
CORPORATION,

    Defendant.

Case No. 2:17-cv-1086
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kim Jolson

## OPINION AND ORDER

This matter is before the Court on the *Motion for Conditional Certification of Collective Action, For Disclosure of Potential Opt-In Plaintiffs' Contact Information, and To Send Court-Approved Notice* filed by Plaintiff Jesus Casarez, Individually and on Behalf of All Others Similarly Situated ("*Motion to Conditionally Certify a Class and Provide Notice*"). (ECF No. 7.) For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's *Motion to Conditionally Certify a Class and Provide Notice*.

### I.

Defendant Producers Service Corporation ("Producers" or "Defendant") provides high pressure pumping, shale fracturing and acidizing, and water pumping services in the oil and gas industry. (Casarez Decl. ¶ 4, ECF No. 7-7.) Defendant operates in oil and gas fields throughout the states of Ohio, Oklahoma, West Virginia, New Mexico, Pennsylvania, and Texas. (*Id.* ¶ 18.) Plaintiff Jesus Casarez ("Mr. Casarez" or "Plaintiff") worked as an oilfield equipment operator for Producers from July to November of 2016. (*Id.* ¶ 3.)

On December 14, 2017, Mr. Casarez filed this action, both individually and on behalf of all others similarly situated, alleging that "Defendant does not pay its non-management oilfield operations employees overtime wages as required by the [Fair Labor Standards Act] [("FLSA")], 29 U.S.C. § 201 *et seq.*" (Compl. ¶ 4, ECF No. 1.) Mr. Casarez moves as a purported representative of the proposed class. (*Id.* ¶¶ 1, 4.)

On January 23, 2018, Producers filed its *Answer to the Complaint*, denying all of the claims in it. (ECF No. 5.)

On March 14, 2018, Mr. Casarez filed the *Motion to Conditionally Certify a Class and Provide Notice*, which is the subject of this Opinion and Order. (ECF No. 7.) He moves for conditional certification of a collective action under the FLSA, 29 U.S.C. § 216(b), asking the Court to certify the following class:

> All current and former employees of Defendant who were employed as non-management oilfield operations employees for Defendant at any time since December 14, 2014.

(Pls.' Mem. in Support of Mot. to Cond. Certify a Class and Provide Notice at 2, ECF No. 7-1.)

On March 21, 2018, the Magistrate Judge held the Preliminary Pretrial Conference, memorialized in the *Memorandum of First Pretrial Conference,* at which she directed the parties to engage in informal discovery for 30 days, and file a status report with her by April 20, 2018. (ECF No. 9.) Pursuant to that Order, the parties provided their status report via electronic mail ("email").

On April 25, 2018, the Magistrate Judge set the briefing schedule on the issue of conditional class certification. (ECF No. 14.) On May 4, 2018, Defendant filed its *Memorandum in Opposition to Plaintiff's Motion* (ECF No. 15), and Plaintiff filed a *Reply Brief*

2

*in Support of his Motion* on May 16, 2018 (ECF No. 17). Plaintiff's *Motion to Conditionally Certify a Class and Provide Notice* is now ripe for review.

## II.

"The FLSA 'was enacted by Congress to be a broadly remedial and humanitarian statute,' *Dunlop v. Carriage Carpet Co.*, 548 F.2d 139, 143 (6th Cir. 1977), and in interpreting the FLSA the Supreme Court has long noted that the statute attempted to mitigate the effects of the 'unequal bargaining power . . . between employer and employee,' *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)." *Myers v. Marietta Meml. Hosp.*, 201 F. Supp. 3d 884, 889 (S.D. Ohio 2016). "Due to the 'remedial nature of this statute,' the employee's burden 'of proving that he performed work for which he was not properly compensated' should not be made 'an impossible hurdle for the employee.' " *Id.* (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–87 (1946), *superseded by statute on other grounds as recognized in Integrity Staffing Solutions, Inc. v. Busk*, —— U.S. ——, 135 S.Ct. 513, 516–17 (2014)). The FLSA requires employers to pay their employees "at a rate not less than one and one-half times the regular rate" for work exceeding forty hours per week. 29 U.S.C. § 207(a)(1).

The FLSA provides that a court may certify a collective action brought "by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Similarly situated employees are permitted to "opt into" the collective action. *Myers*, 201 F. Supp. 3d at 889–90 (citing *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). The lead plaintiff bears the burden of showing that the proposed class members are similarly situated to the lead plaintiff. *Id.* at 890 (citing *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009), abrogated on other grounds by *Campbell–Ewald Co. v. Gomez*, —— U.S. ——, 136 S.Ct. 663, 669 (2016)). The FLSA does not

define "similarly situated" and neither has the Sixth Circuit. *Id.* "But notably, plaintiffs seeking to certify a collective action under the FLSA face a lower burden than plaintiffs seeking class certification under Federal Rule of Civil Procedure 23." *Id.* "District courts conduct a two-phase inquiry to determine whether plaintiffs are similarly situated: conditional and final certification." *Id.* (citing *Frye v. Baptist Mem'l Hosp., Inc.*, 495 Fed. Appx. 669, 671 (6th Cir. 2012)).

"In the first phase, the conditional-certification phase, conducted at the beginning of the discovery process, named plaintiffs need only make a 'modest factual showing' that they are similarly situated to proposed class members." *Id.* (citing *Waggoner v. U.S. Bancorp*, 110 F.Supp.3d 759, 764 (N.D. Ohio 2015); *Comer*, 454 F.3d at 547). The standard at the first step is "fairly lenient . . . and typically results in 'conditional certification' of a representative class." *Id.* (citing *Comer*, 454 F.3d at 547). As this Court recently explained in *Myers v. Marietta Memorial Hospital*:

> Plaintiffs are similarly situated "when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *O'Brien*, 575 F.3d at 585. Showing a "unified policy" of violations is not required. *Id.* at 584. The named plaintiff "need only show that [her] position is similar, not identical, to the positions held by the putative class members." *Lewis v. Huntington Nat'l Bank*, 789 F.Supp.2d 863, 867–68 (S.D. Ohio 2011) (alteration omitted); *see also Comer*, 454 F.3d at 546–57.

201 F. Supp. 3d at 890.

"If conditional certification is granted, 'plaintiffs are permitted to solicit opt-in notices, under court supervision, from current and former employees.' " *Id.* (citing *Cornell v. World Wide Bus. Servs. Corp.*, No. 2:14–CV–27, 2015 WL 6662919, at *1 (S.D. Ohio Nov. 2, 2015)). Determining whether to allow an action to proceed as a collective action is left to the trial court's discretion. *Comer*, 454 F.3d at 546. Because the statute of limitations on an FLSA claim

4

continues to run until written consent is filed with the trial court, it is important that notice of the collective action be given to all potential opt-in plaintiffs as soon as practicable so they can decide whether to participate in the lawsuit. *Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 867 (S.D. Ohio 2011).

After notice has been sent and discovery has been completed, a defendant can move to decertify the class, challenging a court's preliminary determination that other employees are similarly situated. *Meyers*, 201 F. Supp. 3d at 890. At this second stage, "courts 'examine more closely the question of whether particular members of the class are, in fact, similarly situated.' " *Id.* (citing *Comer*, 454 F.3d at 547). "If [a court] concludes that they are similarly situated, the collective action proceeds to trial; if not, the court de-certifies the class, dismisses the opt-in plaintiffs without prejudice, and proceeds to trial on the named plaintiff[(s)]' individual claims." *Sisson v. OhioHealth Corp.*, 2:13-CV-0517, 2013 WL 6049028, at *2 (S.D. Ohio Nov. 14, 2013) (citing *Smith v. Lowe's Home Ctrs.*, 236 F.R.D. 354, 357 (S.D. Ohio 2006)).

### III.

Plaintiff moves for conditional certification of a collective action class for all of Producers' non-management oilfield operations employees, disclosure of potential opt-in plaintiffs' contact information, and to send court-approved notice to the potential opt-in plaintiffs. Defendant opposes (A) conditional certification of a class, and (B) the Plaintiff's proposal to send the opt-in notices via text message.

### A.  Certification of a Class of All Non-Management Oilfield Operations Employees

Plaintiff contends that as a non-management oilfield operations employee he is similarly situated to all "non-management oilfield operations employees" because they "all perform similar job duties, which involve[] the manual labor required to assist in pumping and fracking

5

oil wells at well sites." (Casarez Decl. ¶¶ 5, 9.) Specifically, Plaintiff asserts that he "and the putative class members all worked with the equipment involved in the pumping and fracking processes, including loading, maneuvering, assembling, operating and disassembling the machinery." (*Id.* ¶ 9.)

Plaintiff avers that he is familiar with the working conditions and pay of the other non-management oilfield operations employees, stating:

> Plaintiff worked at multiple locations, but regardless of where he worked, his job duties, working hours and pay structure remained the same and no new training or orientation was required when transferring between locations Decl. Casarez ¶ 10–12. In working at multiple locations, Plaintiff was able to observe and converse with other non-management oilfield operations employees of Defendant. Decl. Casarez ¶ 15. Through conversations with other oilfield employees, it is apparent to Plaintiff that other employees of Defendant would be interested in joining this lawsuit. *Id.* Plaintiff estimates that Defendant employed between 50 and 250 other individuals who worked as non-management oilfield operations employees who were paid the same way Plaintiff was paid. Decl. Casarez ¶ 14.

(Pls.' Mem. in Support of Mot. for Cond. Cert. and Provide Notice at 9, ECF No. 7-1.)

Regarding the alleged failure to pay overtime, and Producers' pay policy for non-management oilfield operations employees, Plaintiff avers:

> Defendant paid Plaintiff an hourly rate, but only paid overtime for his hours worked over forty per week in certain limited circumstances; specifically, Plaintiff was only paid overtime wages for his hours worked in excess of forty if he worked more than sixty hours that week. Decl. Casarez ¶ 6–7. This pay policy is applicable to Defendant's non-management oilfield operations employees company-wide. Decl. Casarez ¶ 7–8. In other words, Defendant's policies and practices described above were not limited to Plaintiff, but rather represent nationwide policies and practices imposed by Defendant on all of its non-management oilfield operations employees. Decl. Casarez ¶ 12–13. The employees who were subject to this policy often worked between forty and sixty hours per week, and as a result, these employees were not paid the hourly wage and overtime premium to which they were entitled. Decl. Casarez ¶ 13.

(*Id.* at 8.)

Plaintiff concludes:

6

> Plaintiff has demonstrated that he and the members of the putative class were subject to Defendant's common policy of withholding overtime pay from its non-management oilfield operations employees in direct violation of the minimum wage and overtime provisions of the FLSA. Plaintiff and those similarly situated worked long hours of overtime and were not always paid for overtime worked as a direct result of Defendant's policy.

(*Id.* at 11.)

Defendant responds to Plaintiff's arguments as follows:

> In order for the court to grant conditional certification, Casarez must, "provide evidence sufficient to support an inference that []he and other [Producers employees] together were 'victims of a common policy or plan that violated the law'." *O'Neal v. Emery Fed. Credit Union*, 2014 U.S. Dist. Lexis 27408, *2 (S.D. Ohio Mar. 04, 2014). Casarez has not done so, in large part because he moved for conditional certification based upon a flawed and erroneous understanding of how he was compensated and because the method of compensation used by Producers Service is permissible.

(Def.'s Mem. in Opp. to Pl.'s Mot. at 3–4, ECF No. 15.)

Defendant then posits that it compensates Plaintiff and the putative class under a "BELO plan . . . [which] is a lawful exception [under the FLSA] to a standard hourly/overtime arrangement . . . ." (*Id.* at 5.) Therefore, Defendant continues, Plaintiff and the putative class cannot prove they were victims of a common policy to deny them overtime. Defendant explains:

> A BELO plan is a valid alternative to straight hourly pay with overtime, as described in 29 U.S.C. § 207(f). It can be used in instances where the employee's hours fluctuate significantly from week to week. *See, e.g., Schweninger v. Advanced Vision Technology, Inc.*, 273 F. Supp. 3d 946, 952 (7th Cir., Mar. 31, 2017). The details of Mr. Casarez's compensation are set forth below, but there is no question that Producers paid Casarez under a BELO plan. (Parks Decl. ¶ 5, Ex. A.) If the BELO plan that Producers used for Mr. Casarez is valid, there can be no violation of the FLSA. *Schweninger*, 273 F. Supp. 3d at 954.

(*Id.* at 2.)

Defendant further explains that, while normally a plaintiff would not have the information available to know that the policy under which he or she is paid is a valid exception

7

to the FLSA requirement to pay overtime, this case is different because the Magistrate Judge permitted 30 days of informal discovery. Defendant asserts:

> In most instances, the Plaintiff in a collective action moves for conditional certification without the benefit of discovery. *O'Neal v. Emery Fed. Credit Union*, 2014 U.S. Dist. Lexis 27408, *2 (S.D. Ohio Mar. 04, 2014). In this case, though, the court ordered Plaintiff and Defendant to take thirty days to exchange informal discovery, because Defendants stated at the Rule 16 conference that Producers pays its oil field workers under a valid and legitimate BELO plan. (Doc. #9, Mem. of First Pretrial.) Producers sent the Plaintiff his own employment agreement and his pay records. True and accurate copies of those documents are attached as Exhibits A and B respectively to the Declaration of Tom Parks, Defendant's VP of Finance & Administration.

(*Id.* at 4) (citing *Mem. of First Pretrial*, ECF No. 9). Defendant provides to the Court a declaration indicating that "Producers hired Plaintiff under an employment agreement that spells out . . . that he was paid pursuant to a BELO contract" and Plaintiff acknowledged that he understood the contract. (*Id.* at 5.)

Defendant concludes that Plaintiff is mistaken as to his status as an employee to whom overtime is owed and he, therefore, cannot show that he and the putative class were victims of a violation of the FLSA:

> So Plaintiff is simply mistaken that he was a typical hourly employee to whom garden variety overtime was owed. A BELO contract is a lawful exception to such a standard hourly/overtime arrangement, in circumstances where the worker's weekly hours vary substantially. *Schweninger v. Advanced Vision Technology, Inc.*, 273 F. Supp. 3d 946, 952 (7th Cir., Mar. 31, 2017). Put simply, Plaintiff's allegations are factually inaccurate. He was not an hourly employee. As a result, his motion for conditional certification cannot be granted. Casarez cannot prove that he and others were victims of a common policy to deny them hourly overtime, because he was not paid under a standard hourly/overtime arrangement in the first place.

(*Id.* at 5–6.)

Finally, Defendant contends that "Plaintiff's declaration does not allege facts sufficient to support an inference that he has actual knowledge about other employees' job duties, pay

8

structures, hours worked, and whether they were paid for overtime hours." (*Id.* at 7.)

Defendant's arguments are not well taken for several reasons.

First, Defendant does not dispute that the putative class and Mr. Casarez are paid pursuant to a common policy, or that they are otherwise not similarly situated, which is the relevant inquiry. "In the first phase, the conditional-certification phase, conducted at the beginning of the discovery process, named plaintiffs need only make a 'modest factual showing' that they are similarly situated to proposed class members." *Myers*, 201 F. Supp. 3d at 890 (citations omitted). Indeed, Defendant has never taken the position that Mr. Casarez is not similarly situated to other non-management oilfield workers, as it notes in its *Memorandum in Opposition to Plaintiff's Motion* quoted above: "Defendants stated at the Rule 16 conference that Producers pays its oil field workers under a valid and legitimate BELO plan." (ECF No. 15 at 4.) Similarly, in its status report to the Magistrate Judge, Defendant specifically indicated that its pay policy was applicable to Plaintiff and the putative class, stating:

> I just want to be clear, our position is that we should address the legal question of whether Defendant's pay plan is lawful under the statute, and we request the opportunity to brief that question for the court, before opening this case up class wide. <u>There does not appear to be a fact question about how employees like Plaintiff are paid</u>; it's just that Plaintiff thinks the pay plan doesn't meet the statutory requirements and we think it does.

(Email Status Rep. dated April 20, 2018) (emphasis added).

Instead of focusing on the similarly situated inquiry, Defendant seeks to focus the Court's attention on its belief that Plaintiff is not subject to the FLSA overtime provisions because he is paid pursuant to a valid exception to those provisions. Thus, Defendant has taken two consistent positions. Before it responded to Plaintiff's request for conditional certification, Defendant invited the Court to address the "legal question" of whether the pay plan violates the FLSA. When the Court declined to engage in this premature merits inquiry, Defendant took the position

9

articulated in its *Memorandum in Opposition to Plaintiff's Motion* that the plan is legal and that Plaintiff is simply mistaken as to its legality.

For example, Defendant highlights what it assesses as Plaintiff's misunderstanding of how he is paid, stating that he "moved for conditional certification based upon a flawed and erroneous understanding of how he was compensated and because the method of compensation used by Producers Service is permissible." In other words, Plaintiff *is not mistaken* that the pay policy to which he is subject applies to him and the putative class; rather, he *is mistaken* as to the legality of that policy. This is the epitome of a merits inquiry, which "is off-limits to this Court at the conditional certification stage." *Hughes v. Gulf Interstate Field Servs.*, 2:14-cv-432, 2015 U.S. Dist. LEXIS 88205 *12, 2015 WL 4112312 (S.D. Ohio July 7, 2015).

Plaintiff correctly notes the problem with Defendant's positions, stating that "[n]ot only does Defendant ask this Court to resolve factual issues in its favor, but Defendant simply assumes the legality of its own pay plan, asking for denial of conditional certification based on the merits of the claim." (Pl.'s Reply Brief in Support of his Motion at 2, ECF No. 17) (citing *Brittmon v. Upreach, LLC*, 285 F. Supp. 3d 1033, 1042 (S.D. Ohio 2018) ("During the conditional certification phase, a court does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility.") (internal quotation marks omitted); *Waggoner*, 110 F. Supp. 3d at 771 ("Requiring any more factual support from plaintiffs at this early stage, or weighing [defendant's] competing factual assertions, would intrude improperly into the merits of the action, imposing a burden upon plaintiffs to prove the factual predicates of their claim as a precondition to obtaining preliminary conditional certification."); *O'Neal*, 2014 U.S. Dist. LEXIS 27408, at *13 ("at the preliminary certification stage, any conflicts and reasonable inferences have to be resolved in Plaintiff's favor")).

Defendant's contention that its pays its non-management oilfield employees under a valid Belo plan exception to the overtime provisions of the FLSA is simply of no moment to the current inquiry. As this Court in *Colley* recently confirmed, even a compelling defense does not pave the way for a merits inquiry at this stage of the proceedings:

> In *Swigart,* the district court granted conditional certification to a group of mortgage loan officers alleging FLSA violations against the bank, which relied on an administrative exemption in classifying the officers as exempt. The district court noted in that case that while the bank's defense "may be compelling, the Court finds it inappropriate to engage in a merits analysis at this stage of the lawsuit." *Id.*

*Colley v. Scherzinger Corp.*, 176 F. Supp. 3d 730, 734 (S.D. Ohio 2016) (citing *Swigart v. Fifth Third Bank,* 276 F.R.D. 210, 214 (S.D. Ohio 2011)).

Here, the Court takes no position as to the strength of Defendant's defense, noting only that Plaintiff points out that "[t]here are many pitfalls to establishing a valid Belo plan, including hours which do not fluctuate above and below forty hours per week, fluctuation of hours that are within the control of the employer, and failure to include certain bonuses in the 'regular rate' of pay." (Pl.'s Reply Brief in Support of his Motion at 4, ECF No. 17.) Plaintiff continues, correctly noting that "[t]hese are all issues which can and should be litigated on a class-wide basis." (*Id.*) (citing as examples *Massa v. Advanced Vision Tech.*, No. 13 C 1169, 2014 U.S. Dist. LEXIS 195524, at *4-5 (N.D. Ill. Feb. 13, 2014) and *Acosta v. Min & Kim Inc.*, No. 15-CV-14310, 2018 U.S. Dist. LEXIS 9507, at *27–29 (E.D. Mich. Jan. 22, 2018)).

Second, to the extent that Defendant suggests that there is a different standard applicable to the Court's conditional certification inquiry because some discovery has occurred, it is mistaken. It is true that courts in this circuit have in some instances held a plaintiff to a slightly higher standard of proof at the conditional certification stage, "sometimes referred to as a "modest 'plus' factual showing." *Jungkunz v. Schaeffer's Inv. Research, Inc.*, 1:11-CV-00691,

11

2014 WL 1302553, at *6–7 (S.D. Ohio Mar. 31, 2014) (citing *Creely v. HCR ManorCare, Inc.*, 789 F.Supp.2d 819, 823–24 (N.D. Ohio 2011) (discussing cases)). Yet, this standard does not apply simply because the parties engaged in some discovery. Rather, the modest plus factual showing standard is considered only in cases where the parties conduct "discovery *regarding the class certification question <u>prior</u> to the plaintiff moving for conditional certification.*" *Id.* at *7 (citing *Creely,* 789 F.Supp.2d at 827) (emphasis added). For example, in this Court's most recent decision touching on this standard, it assumed without deciding that the modest plus standard applied when *both* parties requested the commencement of discovery *prior* to plaintiff filing the motion for class certification, which was filed after the completion of discovery over 19 months after the suit commenced. *Hall v. U.S. Cargo and Courier Serv., LLC*, 2:16-CV-330, 2018 WL 1229710, at *5 (S.D. Ohio Mar. 9, 2018).

Further, the courts applying the modest plus standard make clear that "as is true when applying the more lenient standard, 'the court's analysis is confined to evaluating whether the proposed class is "similarly situated" and does not touch upon the merits of [the] plaintiffs' claims.' " *Id.* (quoting *Creely v. HCR ManorCare, Inc.*, 789 F.Supp.2d 819, 826 (N.D. Ohio 2011)). In the instant action, the Court permitted minimal discovery *after* Plaintiff filed his *Motion to Conditionally Certify a Class and Provide Notice.* Upon reporting the status of this case to the Magistrate Judge after that limited discovery, she appropriately required the completion of class certification briefing, declining Defendant's premature request for a merits determination.

Third, the Court is not persuaded by Defendant's arguments that Plaintiff's Declaration fails to allege facts sufficient to support an inference that he has actual knowledge about other employees' job duties, pay structures, hours worked, and whether they were paid for overtime

hours is not based on personal knowledge. As can be seen by the quotations from that declaration *supra*, Plaintiff avers that his Declaration it is based on personal knowledge, and it also sets forth a basis for that knowledge, stating that he gained it through experience and conversations with others. (Casarez ¶¶ 10–15.) "First-hand observations or conversations with co-workers may be sufficient to support an inference that a plaintiff has actual knowledge of company-wide employment practices." *O'Neal v. Emery Fed. Credit Union*, 2014 U.S. Dist. LEXIS 27408 \*, 22 Wage & Hour Cas. 2d (BNA) 583 (S.D. Ohio 2014) (citation omitted).

Plaintiff's Declaration is also consistent with the Declaration of Kevin Dates, who has filed a consent to join this suit. (ECF Nos. 16, 16-1), and with Defendant's own position it has presented to this Court that there is no factual dispute as to how employees like Plaintiff are paid; that they are paid under an exception to the overtime provisions of the FLSA referred to as a Belo plan. Indeed, as Plaintiff correctly states, "Defendant does not deny the uniformity in job duties and concedes that it pay policies were applicate to all members of the putative class." (Pl.'s Reply in Support of Mot. at 7, ECF No. 17.) Therefore, while Plaintiff only worked at the oilfield locations throughout Oklahoma, it is appropriate to infer that all oilfield workers are paid under an exception to the overtime provisions of the FLSA referred to as a Belo plan.

Before leaving this section, the Court offers the following comment. In a proposed collective action, this two-step process is required by case law. Having said that, no party is benefited by extensive discovery on issues other than ones that are outcome determinative. In the next phase of this case, the Court encourages the parties to engage in discovery directed at the legal issues before the Court, and if appropriate move under Rule 56 of the Federal Rules of Civil Procedure.

Based on the foregoing, the Court finds that Plaintiff has met his burden of showing that he is similarly situated to the putative class of all Services' non-management oilfield operations employees.

**B.	Notice**

If a court conditionally certifies the FLSA class, notice is distributed to the class, putative class members return the opt-in forms sent to them, and the parties conduct discovery. *Myers* 201 F. Supp. 3d at 890; *Atkinson v. TeleTech Holdings, Inc.*, 3:14-CV-253, 2015 WL 853234, at *4 (S.D. Ohio Feb. 26, 2015). The United States Supreme Court determined that notice should be sent in the early stages of litigation, noting the "wisdom and necessity" of early court involvement in managing opt-in cases and facilitating notice. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989). The notice must be "timely, accurate, and informative." *Id.* at 166. Defendant does not dispute the form of the proposed *Notices* and *Consents to Join* proffered by Plaintiff, and the Court finds that the *Notices* and *Consents to Join* provide a fair and accurate description of the class. (ECF Nos. 7-2, 7-3, 7-4, 7-5, 7-6.)

Defendant also does not oppose Plaintiff's request to distribute the *Notices* and *Consents to Join* via United States Postal Service ("U.S.P.S.") and email. Defendant does, however, take issue with Plaintiff's request to serve any notice by text message because in its view "the line is properly drawn at email communications." (Def.'s Mem. in Opp. at 11, ECF No. 15.) Plaintiff replies that text messages have been approved by several courts outside of this circuit, and has recently been approved in this district in *Staggs v. Fuyao Glass America, Inc.*, No. 3:17-cv-191, slip op. (S.D. Ohio February 8, 2018). *See also Brittmon v. Upreach, LLC*, 285 F. Supp. 3d 1033, 1044–45 (S.D. Ohio 2018) ("Plaintiff may not, however, notify any potential opt-in plaintiff of the lawsuit by text message unless Plaintiff can show that notice by postal and electronic mail is insufficient as to any given potential opt-in plaintiff—in other words, that postal and electronic notices to a particular individual were returned as undeliverable.") (citing *Wolfram v. PHH Corp.*, No. 1:12–cv–599, 2012 WL 6676778, at *4 (S.D. Ohio Dec. 21, 2012);

see also *1045 *Brandenburg v. Cousin Vinny's Pizza, LLC,* No. 3:16–cv–516, 2017 WL 3500411, at **4–5 (S.D. Ohio Aug. 15, 2017) (approving notice by U.S.P.S. and email but not by text message unless the plaintiffs could "show that notice via postal and electronic mail [was] insufficient as to a given potential member")).

Reviewing the decisions in *Brittmon*, *Wolfram*, and *Staggs*, the Court finds that they reach an appropriate compromise on this issue. This Court likewise finds that, in consideration of the remedial purpose of the FLSA and the likelihood that the addresses of former employees in Defendant's database are outdated, Plaintiff may send a text message upon a showing "that notice by postal and electronic mail is insufficient as to any given potential opt-in plaintiff." *Brittmon*, 285 F. Supp.3d at 1044.

As to the notice period, Plaintiff requests, and Defendant does not oppose, a 90-day opt-in period for the putative class. The Court finds appropriate a 90-day opt-in period, beginning at the time the discovery ordered above has been completed.

## IV.

In accordance with the foregoing, the Court concludes the following:

**A.  Conditional Certification of a Collective Action Class**

The Court hereby **CONDITIONALLY CERTIFIES** the following class:

> All current and former employees of Defendant who were employed as non-management oilfield operations employees for Defendant at any time since December 14, 2014.

**B.  Discovery**

In order to accurately, efficiently, and quickly facilitate the Court-authorized notice, the Court **ORDERS** Defendant to produce to Plaintiff's counsel a list of all putative class members who have worked for Defendant in the last three years, including their names, positions of

employment, work locations, dates of employment, last-known mailing addresses, last-known telephone numbers, and last-known email addresses. Defendant shall provide this information in an appropriate importable electronic format to Plaintiff's counsel within 14 days of this Opinion and Order.

**C.    Notice**

After discovery has been completed, the Court **ORDERS** a 90-day opt-in period to commence. Plaintiff shall utilize the *Notices* and *Consents to Join* that he has filed with this Court, which have all been approved in their current form. (ECF Nos. 7-2, -23, 7-4, 7-5, 7-6.) Additionally, Plaintiff's counsel is authorized to send by U.S.P.S. and email a reminder to all putative class members who have not yet responded to the sent *Notice* or opted-in to this matter within 45 days of the first issuance of the *Notice*. Finally, Defendant shall provide to Plaintiff's counsel within three days of written notice from Plaintiff, the date of birth of any potential opt-in plaintiffs, whose U.S.P.S.-mailed or emailed *Notice* is returned as undeliverable to assist in locating the correct address for those members so that they receive notice. Plaintiffs will bear the cost of notice, as well as the reminder mailing.

V.

Based on the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's *Motion to Conditionally Certify a Class and Provide Notice*. (ECF No. 7.) Specifically, the Court **DENIES** Plaintiff's request to initially send text message notices to all putative class members and **GRANTS** the *Motion* in all other respects.

**IT IS SO ORDERED.**

_5-25-2018_
**DATE**

EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**

16