UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KEITH JONES,

      Plaintiff,

  v.

PRODUCERS SERVICE
CORPORATION,

      Defendant.

Case No. 2:17-cv-1086
Judge Edmund A. Sargus, Jr.
Magistrate Judge Kimberly A. Jolson

---

NATHAN ANDREWS,

      Plaintiff,

  v.

PRODUCERS SERVICE
CORPORATION,

      Defendant.

Case No. 2:19-cv-2514
Judge Edmund A. Sargus, Jr.
Magistrate Judge Kimberly A. Jolson

## ORDER

This matter is before the Court on Defendant Producers Service Corporation's Consent to Consolidation. (ECF No. 143.) After remand from the Sixth Circuit and the Status Conference held on April 15, 2024, the Court directed Defendant to respond to Plaintiffs' request to consolidate the above-captioned case with the related case *Nathan Andrews v. Producers Serv. Corp.* ("*Andrews*", 2:19-cv-2514). (ECF No. 142.) Defendant agreed to consolidate this case with *Andrews*. (ECF No. 143.)

Federal Rule of Civil Procedure 42(a)(2) gives the Court discretion to consolidate cases if they involve common questions of law or fact. When cases share the same legal theories or factual issues, consolidation more efficiently utilizes judicial resources because discovery and witness testimony will likely overlap. *MacLean v. Evans, Mechwart, Hambleton & Tilton, Inc.*,

1

No. 2:09-cv-521, 2009 U.S. Dist. LEXIS 83553, at *3 (S.D. Ohio Sep. 14, 2009). Deciding related cases together also avoids inconsistent judgments on the same record or legal issues. *Id.* at *6. Accordingly, so long as neither party will be unfairly prejudiced, Rule 42(a) favors consolidation. *Albert v. Honda Dev. & Mfg. of Am., LLC*, No. 2:22-cv-694, 2023 U.S. Dist. LEXIS 15734, at *11 (S.D. Ohio Jan. 30, 2023).

Because the cases share common questions of law and fact and the parties agree to consolidation, the Court will exercise its discretion under Rule 42(a)(2) and consolidate the two related cases. Consolidation will best serve the goals of the Federal Rules by promoting judicial efficiency, avoiding duplicative and potentially contradictory rulings, and reducing the complexity of the cases. *MacLean,* 2009 U.S. Dist. LEXIS 83553, at *3.

The Court previously stayed the proceedings in *Andrews* but stipulated that at any time either party could file a motion to lift that stay. (*Andrews*, ECF No. 54.) Because the parties have agreed to consolidate the cases and filed a notice to that effect, the Court hereby lifts the stay in *Andrews*. *See Jonna v. Bitcoin Latinum*, No. 23-1441, 2024 U.S. App. LEXIS 720, at *5 (6th Cir. Jan. 10, 2024) ("When circumstances have changed such that the court's reasons for imposing a stay no longer exist or are inappropriate, the court may lift the stay.").

Accordingly, the Court **ORDERS** that the stay in *Nathan Andrews v. Producers Serv. Corp.* (Case No. 2:19-cv-2514) be lifted and that this case (Case No. 2:17-cv-1086) be consolidated with *Andrews* (Case No. 2:19-cv-2514). The Parties shall file all future filings in this action, Case No. 2:17-cv-1086. The Clerk is **DIRECTED** to update the caption of this case to read: *Keith Jones v. Producers Service Corporation*. (*See* ECF No. 131.)

**IT IS SO ORDERED.**

| | |
|---|---|
| **5/24/2024** | **s/Edmund A. Sargus, Jr.** |
| **DATE** | **EDMUND A. SARGUS, JR.** |
| | **UNITED STATES DISTRICT JUDGE** |